UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE COMMISSION,    ECF Case

           Plaintiff,    No. 16 Civ. 7003 (LGS)

    - against -

BRIAN S. BLOCK
and LISA PAVELKA MCALISTER,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


# THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION TO INTERVENE AND FOR A COMPLETE STAY

                            PREET BHARARA
                            United States Attorney for the
                            Southern District of New York
                            Attorney for the United States
                                of America


Brian R. Blais
Jason H. Cowley
Edward A. Imperatore
Assistant United States Attorneys

   *- Of Counsel -*

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................................ 3

ARGUMENT .................................................................................................................................. 5

    I.    THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE ... 5

    II.   A COMPLETE STAY OF THIS ACTION IS APPROPRIATE .................................... 7

        A.    Applicable Law ............................................................................................................. 7

        B.    Discussion ..................................................................................................................... 8

            1.   The Extent of the Overlap ................................................................................. 8

            2.   The Status of the Criminal Case ....................................................................... 8

            3.   The Plaintiff's Interests ..................................................................................... 9

            4.   The Defendants' Interests ................................................................................. 9

            5.   The Interests of the Court ............................................................................... 10

            6.   The Public Interest .......................................................................................... 11

CONCLUSION ............................................................................................................................. 15

# Table of Authorities

**Cases**

*Bd. of Governors of the Federal Reserve System* v. *Pharaon*, 140 F.R.D. 634 (S.D.N.Y. 1991) 12

*Bureerong* v. *Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996) .................................................................. 6

*Campbell* v. *Eastland*, 307 F.2d 478 (5th Cir. 1952) ..................................................................... 12

*Harris* v. *Nassau County*, 2014 U.S. Dist. LEXIS 94554 (E.D.N.Y. 2014) ................................... 2

*In re Am. Realty Capital Props., Inc. Litig.*, 15 MC 40 (AKH) (S.D.N.Y) (D.E. 287) ................ 13

*In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12 (S.D.N.Y. 1990) ................................................. 9

*Kashi* v. *Gratsos*, 790 F.2d 1050 (2d Cir. 1986) ............................................................................ 7

*Landis* v. *N. Am. Co.*, 299 U.S. 248 (1936) ................................................................................... 7

*Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83 (2d Cir. 2012) ................................ 7, 8

*Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201 (S.D.N.Y. 1989) ................................ 8

*Parker* v. *Dawson*, 2007 WL 2462677 (E.D.N.Y. Aug. 27, 2007) ................................................ 8

*Phillip Morris Inc.* v. *Heinrich*, 1996 WL 363156 (S.D.N.Y. June 28, 1996) ............................ 12

*SEC* v. *Archer*, 16 Civ. 3505 (WHP) (S.D.N.Y. August 10, 2016) ................................................ 2

*SEC* v. *Beacon Hill Asset Management LLC,* 2003 WL 554618 (S.D.N.Y. Feb. 27, 2003) ........ 12

*SEC* v. *Chakrapani*, 2010 WL 2605819 (S.D.N.Y. June 29, 2010) ............................................ 12

*SEC* v. *Chestman*, 861 F.2d 49 (2d Cir. 1988) .............................................................................. 6

*SEC* v. *Contorinis*, 2012 WL 512626 (S.D.N.Y. Feb. 3, 2012) .................................................... 10

*SEC* v. *Credit Bancorp.*, 297 F.3d 127 (2d Cir. 2002) ................................................................... 6

*SEC* v. *Dubovoy*, 15 Civ. 6076 (D.N.J. Jan. 29, 2016) .................................................................. 1

*SEC* v. *Durante*, 15 Civ. 9874 (RJS) (S.D.N.Y. Mar. 23, 2016) ................................................... 1

*SEC* v. *Nicholas*, 569 F. Supp. 2d 1065 (C.D. Cal. 2008) ...................................................... *passim*

*SEC* v. *One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, 2012 WL 5505738 (S.D.N.Y. Nov. 9, 2012) ........................................................................................ 1, 10

*SEC* v. *Shkreli*, 2016 WL 1122029 (E.D.N.Y. Mar. 22, 2016) ............................................ *passim*

*SEC* v. *Tuzman*, 15 Civ. 7057 (AJN) (S.D.N.Y. Mar. 1, 2016) ............................................ *passim*

*SEC* v. *Walters*, 16 Civ. 3722 (LLS) (S.D.N.Y. Aug. 26, 2016) ..................................................... 2

*SEC* v. *Wey*, 15 Civ. 7116 (PKC) (S.D.N.Y. June 9, 2016) ........................................................... 1

*Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*, 886 F. Supp. 1134 (S.D.N.Y. 1995) ............................................................................................ 9

*Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007 (E.D.N.Y. 1992) ....................... 6, 10

*United States* v. *Lisa McAlister*, 16 Cr. 653 (AKH) .......................................................................... 3

*United States* v. *McCarthy*, 292 F. Supp. 937 (2d Cir. 1968) ........................................................ 11

*United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352 (S.D.N.Y. 1966) ................... 8

*United States* v. *Percevault*, 490 F.2d 126 (2d Cir. 1974) ............................................................. 11

*Volmar Distrib., Inc.* v. *New York Post Co., Inc.*, 152 F.R.D. 36 (S.D.N.Y. 1993) ................... 7, 8

## PRELIMINARY STATEMENT

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its application (i) to intervene in the above-captioned case, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay this matter in its entirety until the conclusion of the parallel criminal case, *United States* v. *Brian Block*, 16 Cr. 595 (JPO) (the "Criminal Case"), which is scheduled for trial in May 2017.

The Criminal Case arises from the identical set of facts and circumstances that underlie this action. As a result, a full stay is especially appropriate because any exchange of discovery would be asymmetrical and would merely allow the defendant to circumvent the criminal discovery rules and improperly tailor his defenses in the Criminal Case. In similar situations, courts in this Circuit and others have often entered a complete stay of parallel civil actions when there is a related criminal prosecution with overlapping defendants and facts, even over a defendant's objection. *See, e.g.*, *SEC* v. *Wey*, 15 Civ. 7116 (PKC) (S.D.N.Y. June 9, 2016) (after Government's motion for partial stay of discovery, and over objection of multiple defendants, implementing full stay of discovery, with the exception that SEC would produce testimony transcripts that had been produced in criminal case); *SEC* v. *Durante et al.*, 15 Civ. 9874 (RJS) (S.D.N.Y. Mar. 23, 2016) (after Government's initial motion for partial stay of discovery, fully staying discovery and proceedings in the matter); *SEC* v. *Shkreli, et al.*, 15 Civ. 7175 (KAM), 2016 WL 1122029, at **2-7 (E.D.N.Y. Mar. 22, 2016) (granting, over defendants' opposition, a full stay); *SEC* v. *Dubovoy*, 15 Civ. 6076 (D.N.J. Jan. 29, 2016); *SEC* v. *One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) (granting U.S. Attorney's Office request for full

stay of discovery for six months over defendant's objection while criminal investigation was proceeding but prior to any criminal charge); *Harris* v. *Nassau County et al.*, 2014 U.S. Dist. LEXIS 94554 at *10 (E.D.N.Y. 2014); *SEC* v. *Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008).

In addition, in a number of recent cases where the Government has sought a more limited stay of discovery, courts have routinely granted the Government's motion, also over defendants' objections. In *SEC* v. *Archer*, 16 Civ. 3505 (WHP) (S.D.N.Y. August 10, 2016), Judge Pauley, over defense opposition, stayed (a) depositions, interrogatories, requests for admission, and any other form of discovery that would create statements of any person whom the Government asserts may be called as a witness in the criminal prosecution; (b) production of transcripts of testimony and notes of or memoranda describing interviews with; written statements made or adopted in the course of an interview by; or correspondence concerning interviews of any person whom the Government asserts may be called as a witness in the criminal action; and (c) disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), until the conclusion of the parallel criminal case. *See also SEC* v. *Tuzman*, 15 Civ. 7057 (AJN) (S.D.N.Y. Mar. 1, 2016) (granting Government's motion for partial stay of aspects of civil discovery that would constitute Jencks Act material, over one defendant's objection).[1]   For the reasons that follow, the Government respectfully requests that this Court enter an order staying this action until the completion of the Criminal Case.

---

[1] The Government notes that Judge Stanton recently denied the Government's request for a stay in *SEC* v. *Walters*, 16 Civ. 3722 (LLS) (S.D.N.Y. Aug. 26, 2016), but nonetheless provided that "[i]f, in the normal course of prosecution and defense it appears that either side is gaining an unfair or abusive advantage, further application to the Court may be made."

Lisa McAlister consents to the Government's motion for a stay. Brian Block opposes the Government's motion for a stay. The SEC does not oppose the Government's motion.

## FACTUAL BACKGROUND

This case and the parallel Criminal Case arise out of the same underlying events. On September 8, 2016, an indictment (the "Indictment") was unsealed, charging Block with conspiracy to commit securities fraud and other offenses, substantive securities fraud, making false statements in filings with the SEC, and making false certifications in connection with filings to the SEC, all relating to an alleged accounting fraud scheme at American Realty Capital Properties, Inc. ("ARCP"), the company for which Block and McAlister respectively served as Chief Financial Officer and Chief Accounting Officer during the relevant time period. McAlister has already pleaded guilty, pursuant to a cooperation agreement, to crimes involving the same facts. *See United States* v. *Lisa McAlister*, 16 Cr. 653 (AKH). On that same day, September 8, 2016, the SEC filed a complaint against Block and McAlister alleging violations of the securities laws related to the same scheme (the "SEC Complaint"). The facts set forth below are detailed in the Indictment and are similarly reflected in the SEC Complaint.

As alleged in the Indictment and the SEC Complaint, Block held the position of Chief Financial Officer ("CFO") of ARCP, a publicly traded real estate investment trust ("REIT") headquartered in New York, New York. Because ARCP, like many REITs, generated profit and shareholder returns based on the performance of underlying real estate assets, at all times relevant to this Indictment, ARCP measured its performance through metrics besides, or in addition to, traditional measurements of company performance calculated using Generally Accepted Accounting Principles ("GAAP") such as earnings per share. For example, ARCP, like many REITs, measured its performance through a non-GAAP measurement known as funds

3

from operations ("FFO"), which measures net income, excluding gains or losses from sales of property, but including its real estate depreciation expense. While REITs such as ARCP are not required by GAAP to calculate their FFO, ARCP nonetheless reported its FFO calculation in its required periodic filings with the SEC, as did other REITS. ARCP also measured its financial performance through a non-GAAP measurement known as adjusted funds from operations, or "AFFO," which it also reported in its required periodic filings with the SEC. ARCP calculated its AFFO by applying various adjustments to ARCP's FFO figure in order to exclude certain one-time charges, such as expenses associated with mergers or acquisitions or expenses associated with the extinguishment of debt. ARCP also released to the investing public forward-looking forecasts of its expected AFFO and AFFO per share for future time periods, known as guidance.

As further alleged, from about July 2014 through about August 2014, Block, McAlister, and an ARCP accountant (the "Accountant"), and others known and unknown, participated in an accounting fraud scheme in which they caused ARCP to report, in public filings with the SEC and to the investing public, falsely inflated AFFO and AFFO per share, key metrics used to evaluate ARCP's financial performance, for the second quarter of 2014 ("Q2 2014") and the first six months of 2014 ("year to date 2014" or "YTD 2014"). Block and others caused ARCP to falsely inflate these figures in order to ensure that they were consistent with ARCP's publicly announced guidance for AFFO and to conceal accounting errors made in calculating these metrics for the first quarter of 2014.

The fraud resulted in an intended overstatement of AFFO by approximately $13 million and an overstatement of AFFO per share by approximately $0.03, or approximately 5% of total AFFO per share. By reporting AFFO per share of $0.24 in the second quarter, after having

4

reported AFFO per share of $0.26 in the first quarter, Block, McAlister, and the Accountant misled ARCP's shareholders and the investing public by falsely representing that ARCP's AFFO per share for the first six months of 2014 was consistent with analysts' expectations and on track to meet the full-year guidance for AFFO per share of $1.13 to $1.19 that the company had announced on October 23, 2013, and subsequently reiterated.

On September 8, 2016, Block was arrested in Pennsylvania and was presented in that District. Block was arraigned and had an initial conference in the Criminal Case on September 28, 2016, before Judge Oetken, during which the matter was set for trial in May 2017. Based on conversations with the SEC, the Government understands that it has obtained, or will shortly obtain, all third-party documents produced to the SEC in its parallel investigation of this matter and the Government itself anticipates producing shortly its Rule 16 discovery in the Criminal Case.

## ARGUMENT

The Government's requests to intervene and for a complete stay of this civil action should be granted. If this case were to proceed, there would be a risk of significant interference with the Criminal Case. A complete stay would prejudice no party to this civil action; would prevent the circumvention of important statutory limitations on criminal discovery and avoid asymmetrical discovery; and would preserve the Court's resources because many of the issues presented by the civil action will be resolved in the Criminal Case. Importantly, a trial date on the Criminal Case has been set for approximately 8 months from now, making any stay finite and relatively short in nature.

**I.   THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE**

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of

right in an action when the applicant "claims an interest relating to the property or transaction that is the subject of the action" and the applicant "is so situated that 'disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . .'" Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." The Government respectfully submits that its application satisfies both of these provisions given the effect this civil proceeding would have on the Criminal Case and the similarity of claims and facts between the parallel proceedings.

As a general rule, courts "have allowed the government to intervene in civil actions — especially when the Government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC* v. *Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002). The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC* v. *Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

As an initial matter, intervention is warranted because the Government's interests in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation, none of whom represents the Government's interests with respect to the investigation and enforcement of federal criminal statutes. *See Bureerong* v. *Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996) ("[T]he Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . . Clearly neither the plaintiff or the defendants have this identical interest.").

6

Through counsel, McAlister consents to and Block take no position on the Government's request to intervene pursuant to Rule 24(b).

## II.     A COMPLETE STAY OF THIS ACTION IS APPROPRIATE

### A.     Applicable Law

This Court has the inherent power to stay civil proceedings in the interests of justice pending the completion of a parallel criminal trial.  *See Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936)).  In evaluating whether to grant such a stay, courts in this Circuit consider:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*See, e.g.*, *Tuzman*, No. 15 Civ. 7057 (AJN), at 2 (quoting *Louis Vuitton*, 676 F.3d at 99). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice."  *Volmar Distrib., Inc.* v. *New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).  But the factors "can do no more than act as a rough guide for the district court as it exercises its discretion" and do not replace the Court's "studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay

7

would work a hardship, inequity, or injustice to a party, the public or the court."  *Louis Vuitton*, 676 F.3d at 99.   The Court's "decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case."  *Id.* (quotation marks omitted).

### B. Discussion

Application of each of these factors here weighs in favor of the stay sought by the Government.

#### 1. The Extent of the Overlap

That the criminal and civil cases involve essentially identical facts and issues weighs heavily in favor of a stay.   "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues."  *Volmar Distrib.*, 152 F.R.D. at 39 (citing Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)); *see also Parker* v. *Dawson*, No. 06 Civ. 6191 (JFB), 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007) (same); *United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter.").

Here, as described above, the Criminal Case and this case involve the same alleged accounting scheme perpetrated by Block, McAlister, and others at ARCP.   The cases involve virtually identical facts, witnesses and issues.   As a result, this factor weighs heavily in favor of a stay.  *See, e.g.*, *Shkreli*, 2016 WL 1122029, at *4, at 11; *Tuzman,* 15 Civ. 7057 (AJN), at 3.

#### 2. The Status of the Criminal Case

The return of an indictment in the Criminal Case is also a factor that weighs in favor of a

stay.  "[T]he strongest argument for granting a stay is where a party is under criminal indictment."  *Shkreli*, 2016 WL 1122029, at *5 (quotation and citation omitted).  Indeed, "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."  *In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990); *see also Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved.")  Where, as here, Block has been indicted, arrested, and is set to shortly receive Rule 16 discovery; and the case is moving expeditiously toward a set trial date in May 2017, less than a year away, this factor strongly favors a stay.  *See Tuzman*, No. 15 Civ. 7057 (AJN), at 3 (noting that an indictment normally weighs heavily in favor of a stay absent particular facts indicating that the criminal case may not be resolved expeditiously).

### 3.     The Plaintiff's Interests

The SEC has indicated that it does not oppose the Government's motion.  At minimum, therefore, there can be no argument that there would be prejudice to the plaintiff by staying this action.  *See Shkreli*, 2016 WL 1122029, at *5 (citing cases).

### 4.     The Defendants' Interests

As noted above, McAlister consents to a stay, while Block opposes.  Moreover, any potential concerns about the loss of evidence, *see Trustees of Plumbers*, 886 F. Supp. at 1140, are inapposite because Block will receive shortly documents and other materials as part of the

9

Government's Rule 16 discovery, most (if not all) of which also pertain to this action. Furthermore, the substantial overlap in witnesses eliminates any potential concerns about memories fading because interview notes and trial testimony in the Criminal Case will preserve the memories of the witnesses in this action. *Tuzman*, 15 Civ. 7057 (AJN), at *6. Additionally, this concern is also eliminated by the fact that trial in the Criminal Case is set to take place in a matter of months, not years. *Shkreli*, 2016 WL 1122029, at *6 (noting the Court's being prepared to set a trial date in criminal case at next conference and the Government's representation that it was ready for a trial date to be set as factors mitigating concerns raised by the defendant).

This factor, therefore, also favors a stay.

### 5. The Interests of the Court

Considerations of judicial economy also weigh in favor of granting a stay. Issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the civil action. *See SEC* v. *Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); *Global Indus.*, 2012 WL 5505738, at *4 ("[T]he Civil Case is likely to benefit to some extent from the Criminal Case no matter its outcome."); *LaBianca*, 801 F. Supp. at 1010-11 (recognizing judicial economy as a factor to be considered). Because the Criminal Case's outcome will likely affect the conduct, scope, and result of the civil proceeding, thereby streamlining issues in this matter and avoiding duplication of effort and judicial resources, this factor favors the Government's application.

### 6. The Public Interest

The Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the well-founded restrictions that pertain to criminal discovery — restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence or intimidate witnesses.  *See United States* v. *Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (noting that the Jencks Act, 18 U.S.C. § 3500, "represents a legislative determination that access to a witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial"); *United States* v. *McCarthy*, 292 F. Supp. 937, 942 (2d Cir. 1968) ("The claimed need to see such statements in advance in order to prepare to rebut them is little more than open notice of an intention to tailor testimony to fit the statement."); *Nicholas*, 569 F. Supp. 2d at 1070 (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").

In *Tuzman*, Judge Nathan outlined three principal Government interests justifying a stay of discovery of civil proceedings while parallel criminal proceedings are pending:

> First, broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence.  Second, revelation of the identity of prospective witnesses may create the opportunity for intimidation.  Third, criminal defendants may unfairly surprise the prosecution at trial with information developed through [civil] discovery, while the self-incrimination privilege would effectively block any attempts by the Government to discover relevant evidence from the defendants.

11

*Tuzman*, No. 15 Civ. 7057 (AJN), at 3-4 (internal citations and quotations omitted). Based on these concerns, judges in this District have frequently granted Government requests to limit discovery in a parallel civil action in order to prevent the civil discovery rules from being subverted into a device for improperly obtaining discovery in the criminal proceeding. *See, e.g.*, *Tuzman*, No. 15 Civ. 7057 (AJN) (granting stay sought by Government); *SEC* v. *Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in granting government's motion to stay, court noted: "The principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases."); *Phillip Morris Inc.* v. *Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (granting stay motion because if "civil discovery is not stayed, the criminal investigation will be prejudiced, as the Defendants may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules."); *Bd. of Governors of the Federal Reserve System* v. *Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("'A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial.'") (quoting *Campbell* v. *Eastland*, 307 F.2d 478, 487 (5th Cir. 1952)).

Indeed, the rationale underlying a stay is even stronger in an indicted matter, given that a defendant in a charged criminal case will likely invoke his Fifth Amendment rights in the civil case and not participate in the very discovery process he seeks to use affirmatively. *See, e.g., SEC* v. *Chakrapani*, 2010 WL 2605819 (S.D.N.Y. June 29, 2010) (inviting the Government to renew its motion to stay discovery if the defendant intends to invoke the Fifth Amendment if noticed for a deposition); *Nicholas*, 569 F. Supp. 2d at 1070 (noting when granting full stay that

"[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants").   This concern is far from merely abstract, as Block has already invoked his Fifth Amendment rights in ongoing private litigation involving many of the same operative facts and has indicated to the Government through counsel that he anticipates invoking his Fifth Amendment rights in this action.² A denial of the Government's requested stay would therefore result in asymmetric discovery, pursuant to which Block would be able to obtain statements from relevant witnesses through depositions and use other discovery mechanisms such as requests for admission and interrogatories to obtain information from the SEC, while the SEC would be unable to use any of these discovery mechanisms to obtain information from Block because of his assertion of his

---

² Indeed, the Preliminary Statement to Block's answer in the consolidated private civil action, filed on July 29, 2016, states:

> Mr. Block is aware that various government agencies, including but not limited to the United States Department of Justice, the Securities and Exchange Commission, and the Securities Division of the Commonwealth of Massachusetts, are conducting investigation[s] into certain ARCP accounting and financial reporting activities. In light of the foregoing, Mr. Block reasonably fears a substantial and real possibility of a criminal prosecution resulting from matters potentially included within the scope of the allegation in the Complaint.   Mr. Block enjoys the same protections of the self-incrimination clause of the Fifth Amendment to the United States Constitution (the "Fifth Amendment") as do all other persons who are subject to criminal prosecution in a jurisdiction in which the Fifth Amendment applies. *It is Mr. Block's express intent in this Answer to claim the fullest possible protection of the United States and New York Constitutions in responding to the Complaint. Mr. Block does not intend by any of his responses to waive such protection and requests that, in cases of any doubt or ambiguity, his response be construed as an assertion rather than a waiver of such privilege. Mr. Block also reserves his right to amend his responses without compromising his rights under the Fifth Amendment.*

*In re Am. Realty Capital Props., Inc. Litig.*, 15 MC 40 (AKH) (S.D.N.Y) (D.E. 287) (asserting Fifth Amendment rights throughout) (emphasis added).

13

Fifth Amendment rights.  Such asymmetry is both unfair and a circumvention of the criminal discovery rules that govern when criminal defendants are entitled to obtain prior statements of the Government's trial witnesses.  *See* 18 U.S.C. § 3500(b) (prior statements of Government witnesses must be made available after the witnesses have testified on direct examination).

Therefore, in order to avoid circumvention of the criminal discovery restrictions, including the provisions that are designed to prevent defendants from tailoring their testimony and obtaining asymmetrical discovery, and because the defendants will not in any way be prejudiced in preparing and defending themselves, this factor weighs in favor of the Government's application.

*         *         *

In sum, because there is virtually complete overlap between the parallel proceedings; Block has been indicted and the Criminal Case is moving forward expeditiously; there is no prejudice to the parties from the requested stay; there is a strong public interest in preventing the civil discovery rules from being used to improperly circumvent criminal discovery rules; any discovery would be improperly asymmetrical; and a resolution of the Criminal Case will preserve judicial resources and streamline this action, the balance of factors overwhelmingly favors the requested discovery stay.

## **CONCLUSION**

For these reasons, the Government respectfully requests that its application to intervene and for a complete stay of discovery in this matter be granted in its entirety. If the Court does not grant the Government's application for a complete stay, the Government respectfully requests in the alternative, that the Court stay this action in manner consistent with Judge Pauley's recent order in *Archer*, cited above, that is, issue a stay of (a) depositions, interrogatories, requests for admission, and any other form of discovery that would create statements of any person whom the Government asserts may be called as a witness in the criminal prosecution; (b) production of transcripts of testimony and notes of or memoranda describing interviews with; written statements made or adopted in the course of an interview by; or correspondence concerning interviews of any person whom the Government asserts may be called as a witness in the criminal action; and (c) disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), until the conclusion of the parallel criminal case.

Dated: New York, New York
October 12, 2016

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By:   /s/ Brian R. Blais
        Brian R. Blais
        Jason H. Cowley
        Edward A. Imperatore
        Assistant United States Attorneys
        One Saint Andrew's Plaza
        New York, New York 10007
        Telephone: (212) 637-2479/2521/2327