```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/2/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                          Plaintiff,

-against-

BRIAN S. BLOCK and
LISA PAVELKA MCALISTER,

                          Defendants,

16 Civ. 7003 (LGS)

ECF Case

LORNA G. SCHOFIELD, United States District Judge:

    This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties <u>do not</u> consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties <u>have</u> conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules and the parties' proposed dates in this order have been adjusted accordingly.

    a.    An employment case governed by the Initial Discovery Protocols for Employment cases? http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713. [No]

    b.    A § 1983 case governed by the Plan for Certain § 1983 Cases Against the City of New York? http://www.nysd.uscourts.gov/rules/1983%20Revised%20Plan%20and%20Exhibits.11.22.2013.pdf.  [No]

    d.    A patent case subject to the Local Patent Rules? http://www.nysd.uscourts.gov/rules/Standing_Order_In_re_Local_Patent_Rules.pdf.  [No]

4. Alternative Dispute Resolution/Settlement

    a.    Settlement discussions <u>have</u> taken place.

    b.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

    c.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

    d.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

    e.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5. No additional parties may be joined after <u>December 1, 2016,</u> without leave of Court.

6. Amended pleadings may be filed without leave of Court until <u>December 1, 2016</u>.

7. ~~Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order.~~

8. Fact Discovery

    All fact discovery shall be completed no later than <u>February 24, 2017</u>. *consistent with the partial stay entered on November 2, 2016*

    a.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by <u>21</u> days following entry of scheduling order.

    b.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by <u>January 10, 2017</u>.

    c.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by <u>February 24, 2017</u>.

    d.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by <u>January 24, 2017</u>.

    e.    Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9. Expert Discovery [if applicable]

    a.    Anticipated types of experts if any:
<u>The parties are evaluating the need for expert witnesses.</u>

    b.    By <u>January 24, 2017</u>, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(a).

10. This case <u>is</u> to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is <u>three to four weeks, with Plaintiff estimating the need for two weeks to present its case in chief.</u>

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

    a.    Defendant Block's request for production of SEC witness interview notes, if any.
    b.    Whether Defendants Block and McAlister will assert an act-of-production privilege or Fifth Amendment privilege in response to Plaintiff's document discovery requests and deposition notice.
    c.    Discovery obligations of the SEC in connection with ongoing non-public investigations, if any, into matters related to the allegations in the Complaint.
    d.    The parties are negotiating a Confidentiality Stipulation and proposed Order.
    e.    In addition, the parties identified no anticipated issues relating to electronic discovery.

13. Status Letters and Conferences

   a. By January 9, 2017, the parties shall submit a status letter, as outlined in Individual Rule IV.A.2.

   b. By ~~March 10, 2017,~~ all counsel must confer to discuss settlement and jointly advise the Court in writing whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

   c. On ~~April 26, 2017,~~ March 7, 2017 at 10:30 at _____ A.M. a ~~case management~~ conference shall be held. ~~The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial.~~ The parties shall file a joint status letter consistent with Individual Rule IV.A.2. no later than seven (7) days before the conference.

      i. ~~A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.1. The Court will set the briefing schedule at the conference.~~ The Court will set a firm trial date after a decision on any summary judgment motion.

      ii. ~~If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pre-trial submissions, a final pre-trial conference and trial. The trial date will be firm.~~

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: November 2, 2016
       New York, New York

                                              _____
                                              LORNA G. SCHOFIELD
                                              UNITED STATES DISTRICT JUDGE

4

Counsel for the Parties:

By: /s/ Nancy A. Brown
Nancy A. Brown

Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281-1022
212.336.1023

*Attorney for Plaintiff*

By: /s/ Michael C. Miller /MGS
Michael C. Miller

Steptoe & Johnson LLP
114 Avenue of the Americas
New York, NY 10036
212.506.3955

*Attorney for Defendant Brian S. Block*

By: /s/ Adam L. Fotiades
Adam L. Fotiades

Zuckerman Spaeder LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036-5802
202.778.1893

*Attorney for Defendant Lisa Pavelka McAlister*